UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Ted Biskind, et al. | ) | CASE NO. 1:14 CV 460 |
| | ) | |
| Plaintiffs, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| American Express Company, et al. | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

**Introduction**

This matter is before the Court upon Defendants American Express Centurion Bank and American Express Travel Related Services Company, Inc.'s Motion to Dismiss Counts 1, 3, 4, 5, 6, 7, 8, 9, 10, and 11 of Plaintiffs' Amended Complaint (Doc. 14) and Defendant American Express Company's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 15). This case involves credit card charges for an international cruise ship vacation that plaintiffs did not take. For the reasons set forth below, defendants American Express Centurion Bank and American Express Travel Related Services Company, Inc.'s motion is GRANTED IN PART and DENIED IN PART, and defendant American Express Company's motion is GRANTED.

**Facts**

1

Plaintiffs Ted Biskind and Catherine Biskind, Ohio residents, bring this action against American Express Company ("American Express"), American Express Centurion Bank ("Centurion Bank"), and American Express Travel Related Services Company, Inc. ("Travel Services"). American Express and Centurion Bank are in the business of providing credit to consumers for the purchase of goods and services. (Doc. 8 ¶ 9, 10). Travel Services is in the business of providing travel services to customers of American Express. (Doc. 8 ¶ 12).

The Amended Complaint alleges the following facts in pertinent part. Plaintiffs jointly hold an American Express credit card account. (Doc. 8 ¶ 12). Plaintiffs' account is governed by a Cardholder Agreement between plaintiffs and Centurion Bank. (Doc. 8 ¶ 12). Plaintiffs attempted to use Travel Services to plan a sea voyage, which involved international airline travel to reach a cruise ship, hotel accommodations before and after the cruise, and international airline travel back to the United States. (Doc. 8 ¶ 15). Catherine Biskind informed Travel Services that she had specific demands pertaining to the timing and type of airline travel, hotel accommodations, and other travel-related specifications. (Doc. 8 ¶ 16). Travel Services booked the trip without authorization and failed to comply with several of plaintiffs' material demands, including requested arrival and departure dates and seating preferences. (Doc. 8 ¶ 17 b). Travel Services misspelled Catherine Biskind's co-traveler's name on critical travel documents. (Doc. 8 ¶ 17 d). Travel Services assigned plaintiffs an identical booking locator number to another traveler with a different trip itinerary. (Doc. 8 ¶ 17 e). Travel Services charged fees and costs for changing airline, accommodation, and cruise bookings. (Doc. 8 ¶ 17 f). When Catherine Biskind asked Travel Services to alter the trip, Travel Services refused. (Doc. 8 ¶ 18). Defendants made deceptive representations to plaintiffs, including that the trip or any element of

2

it could not be cancelled, Travel Services was authorized to make changes to its own booking mistakes, and Travel Services would cover the costs and fees of its own negligence. (Doc. 8 ¶ 19 a-d).  In addition, Travel Services represented that insurance had been offered to plaintiffs for the trip and had been refused. (Doc. 8 ¶ 19 e-f).  Travel Services, without plaintiffs' authorization, attempted to correct its errors in an effort to prevent plaintiffs from cancelling the trip.  Plaintiffs did not take the trip. (Doc. 8 ¶ 22).  Travel Services applied a charge of approximately $20,000 to plaintiffs' American Express credit card. (Doc. 8 ¶ 23).  Plaintiffs timely disputed the charges for the trip. (Doc. 8 ¶ 24).  American Express and Centurion Bank failed to perform a good faith investigation of plaintiffs' dispute regarding the trip and failed to prevent Travel Services from charging plaintiffs' American Express credit card account for costs associated with the trip. (Doc. 8 ¶ 25-26).  Travel Services refused to provide a full refund. (Doc. 8 ¶ 27).

Plaintiffs originally brought suit in the Cuyahoga County Court of Common Pleas. Defendants thereafter removed to this Court on the basis of diversity jurisdiction.  Plaintiffs' Amended Complaint alleges twelve claims for relief.  Count 1 is a breach of contract claim against Travel Services.  Count 2 is a breach of contract claim against American Express and Centurion Bank.  Counts 3 and 4 are claims against Travel Services for deceptive consumer sales practices and deceptive home solicitation sales in violation of the Ohio Consumer Sales Protection Act ("OCSPA"), O.R.C. § 1345 et seq.  Counts 5 and 6 are claims against American Express and Centurion Bank for deceptive consumer sales practices and unconscionable consumer sales practices in violation of OCSPA.  The remaining counts are against all defendants. Count 7 alleges a claim for civil conspiracy, Count 8 is a claim for fraudulent inducement, Count 9 alleges a claim of fraud, Count 10 alleges a claim of general negligence,

Count 11 alleges a claim of unjust enrichment, and Count 12 seeks a declaratory judgement that defendants undertook unauthorized transactions and that their failure to comply with their obligations constituted an anticipatory repudiation of any remaining terms of the agreement, including the arbitration provisions.

This matter is before the Court upon defendants' motions to dismiss, which plaintiffs oppose.

**Standard of Review**

Plaintiffs have the burden of showing that personal jurisdiction exists. *CompuServe, Inc. v. Patterson,* 89 F.3d 1257, 1262 (6th Cir. 1996). Plaintiffs need only make a prima facie showing of jurisdiction, and the Court considers the pleadings and affidavits in a light most favorable to them. *Id.* If resolving the Rule 12(b)(2) motion solely on the written submissions and affidavits rather than holding an evidentiary hearing, the district court does not weigh the controverting assertions of the party seeking dismissal. *Chrysler Group LLC v. South Holland Dodge, Inc.,* 2011 WL 1790333 (E.D.Mich. May 10, 2011) (citing *Am. Greetings Corp. v. Cohn,* 839 F.2d 1164, 1169 (6th Cir. 1988)). Although the Court considers the pleadings in a light most favorable to the plaintiff, that party must still set forth specific facts demonstrating that the Court has jurisdiction. *Smith v. Ohio Legal Rights Service,* 2011 WL 1627322 (S.D.Ohio April 29, 2011) (citations omitted).

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) tests the sufficiency of a complaint. In order to survive a motion to dismiss, a complaint's factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. *Ass'n of Cleveland Firefighters v. City of Cleveland, Ohio,* 502 F.3d 545, 548 (6th Cir.

2007) (quoting *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The complaint must contain sufficient factual material to state a claim "plausible on its face." *Ashcroft v. Igbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In ruling on a Rule 12(b)(6) motion, a court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n,* 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.,* 259 F.3d 493, 502 (6th Cir. 2001)). However, "when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations." *Williams v. CitiMortgage, Inc.,* 498 Fed. Appx. 532, 536 (6th Cir. 2012) (quoting *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend,* 163 F.3d 449, 454 (7th Cir. 1998)).

**Discussion**

**I. American Express's Motion to Dismiss**

In addition to moving to dismiss the Amended Complaint for the reasons set forth in Centurion Bank and Travel Services's motion, American Express moves to dismiss on the grounds of lack of personal jurisdiction and lack of privity. It argues that American Express,

unlike Travel Services, did not transact any business in Ohio. Additionally, the contract attached to the Amended Complaint establishes that American Express was not a party to the agreement between plaintiffs and Centurion Bank.

Plaintiffs respond that each and every act regarding the planning of their trip occurred in Ohio. Plaintiffs maintain that they have sufficiently plead the existence of a contract with American Express because it is in the business of providing credit to consumers and that plaintiffs have a credit card through American Express and Centurion Bank. The fact that the Cardholder Agreement does not include American Express as a named party does not absolve it of contractual liability.

Upon review, the Court finds American Express's motion to be well-taken. The Amended Complaint avers that this Court has jurisdiction to hear this case "because Defendant Travel Services transacted business in the State of Ohio; contracted to supply services and/or goods in the State of Ohio; and/or breached warranties expressly and/or impliedly made in the State of Ohio to Plaintiffs; as alleged in the originally filed Complaint." (Doc. 8 ¶ 6). It is plaintiffs' burden to allege facts in support of personal jurisdiction. The acts of Travel Services in Ohio do not support exercising jurisdiction over American Express, a separate entity.

In their Amended Complaint, plaintiffs state: "Defendants American Express, Centurion Bank, and Travel Services are different business entities, but are affiliated with one another, with CEO's and other corporate officers and/or control and/or influence that is identical." (Doc. 8 ¶ 64). This allegation is insufficient to support a claim for piercing the corporate veil against American Express.

Plaintiffs' argument that American Express entered into a contract in Ohio is

6

unpersuasive. The contract attached to the Amended Complaint is between plaintiffs and Centurion Bank. (Doc 8-10). American Express is not a party to it. This attached contract trumps any allegation in the pleadings. *Williams v. CitiMortgage, Inc.,* 498 Fed. Appx. 532, 536 (6th Cir. 2012) (quoting *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend,* 163 F.3d 449, 454 (7th Cir. 1998)).

Plaintiffs fail to allege a sufficient basis for this Court to exercise personal jurisdiction over American Express. Consequently, the Court dismisses American Express.

### II. Centurion Bank and Travel Services' Motion to Dismiss

Defendants Centurion Bank and Travel Services move to dismiss all of plaintiffs' Amended Complaint with the exception of Count 2 and Count 12.[1]

### Count 1- Breach of Contract by Travel Services

Plaintiffs argue that they have sufficiently established the existence of a contract with Travel Services.

Under Ohio law, "[t]o establish a breach of contract claim, a plaintiff must prove (1) the existence of a contract, which requires an offer, acceptance, and consideration; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage or loss to the plaintiff." *Kirkland v. St. Elizabeth Hosp. Med. Ctr.*, 34 Fed. Appx. 174, 178 (6th Cir. 2002) (citing *Nilavar v. Osborn*, 127 Ohio App.3d 1, 11 (2nd Dist.1998)). "An enforceable contract in Ohio arises from a meeting of the minds, and "must . . . be specific as to its essential terms, such as the identity of the parties to be bound, the subject matter of the contract, consideration, a quantity term, and a

---

[1] Because the Court has found it lacks personal jurisdiction over American Express, the Court will not address plaintiffs' claims as they relate to American Express.

7

price term." *Scotts Co. v. Cent. Garden & Pet Co.,* 403 F.3d 781, 788 (6th Cir. 2005) (quoting *Alligood v. Proctor & Gamble Co.,* 72 Ohio App.3d 309, 311, 594 N.E.2d 668 (1st Dist. 1991)).

Upon review, the Court finds that plaintiffs' pleadings fail to establish the existence of a contract. Plaintiffs fail to plead any consideration that Travel Services received as part of this "contract." Plaintiffs' reliance on to *Res. Tital Agency* is unpersuasive. 314 F. Supp. 2d 763 (N.D. Ohio 2004). While the terms of a contract can indeed be shown by the parties' "words, deeds, and acts," no words, deeds, or acts here demonstrate what consideration Travel Services received from plaintiffs for planning their trip. Plaintiffs argue that it can be reasonably inferred that Travel Services received money from American Express or Centurion Bank for making travel booking plans on plaintiffs' behalf. But this does not establish that plaintiffs extended Travel Services the consideration required to establish a contract between plaintiffs and Travel Services. Plaintiffs are required to allege facts in their complaint sufficient to make their breach of contact claim plausible. Without specific language delineating the terms of the contract or pointing to consideration provided by plaintiffs to Travel Services, plaintiffs fail to put forward a plausible claim for relief and the Court dismisses this claim.

**Counts 3 and 4 - Violations of OCSPA by Travel Services**

Travel Services moves to dismiss Counts 3 and 4 of the Amended Complaint arguing that it is a "financial institution" and therefore not subject to OCSPA, relying upon the authority of *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389 (6th Cir. 1998).

OCSPA provides, "No supplier shall commit an unfair or deceptive practice in connection with a consumer transaction." O.R.C. § 1345.02(A). A "consumer transaction" is defined as "a sale, lease, assignment, award by chance, or other transfer of an item of goods, a

8

service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of those things." O.R.C. § 1345.01(A). However, a "consumer transaction" within OCSPA "does not include transactions between persons defined in sections 4905.03 and 5725.01 of the Revised Code, and their customers." O.R.C. § 1345.01(A). Section 5725.01 of the Ohio Revised Code defines a "financial institution" as:

> (1) A national bank organized and existing as a national bank association pursuant to the "National Bank Act," 12 U.S.C. 21;
> (2) A federal savings association or federal savings bank that is chartered under 12 U.S.C. 1464;
> (3) A bank, banking association, trust company, savings and loan association, savings bank, or other banking institution that is incorporated or organized under the laws of any state;
> (4) Any corporation organized under 12 U.S.C. 611 to 631;
> (5) Any agency or branch of a foreign depository as defined in 12 U.S.C. 3101;
> (6) A company licensed as a small business investment company under the "Small Business Investment Act of 1958," 72 Stat. 689, 15 U.S.C. 66*l* [sic.], as amended; or
> (7) A company chartered under the "Farm Credit Act of 1933," 48 Stat. 257, 12 U.S.C. 1131(d), as amended.

Ohio Rev. Code § 5725.01.

Upon review, the Court does not find that Travel Services is a financial institution. Defendant's citation to *Lewis* is wholly unpersuasive. As plaintiffs point out, that case was decided more than a decade ago. Although defendant Travel Services represents that it is the same entity as the Travel Services in *Lewis,* the nature of Travel Services's business—then extending credit, now planning vacations—seems markedly different. In *Lewis*, the Sixth Circuit concluded that Travel Services was a financial institution because it extended the credit. *Lewis*, 135 F.3d at 395. These facts are not present in plaintiffs' Amended Complaint and the Court will not rely on *Lewis* to find that Travel Services is a financial institution. The facts in the Amended Complaint allege that Travel Services is in the business of providing travel booking

9

services. (Doc. 8 ¶ 11).  The motion to dismiss these claims is denied.

### Counts 5 and 6 - Violations of OCSPA by Centurion Bank

Defendant Centurion Bank also moves to dismiss Counts 5 and 6 on the grounds that it is a financial institution and excluded from the reach of OCSPA.  Moreover, all of plaintiffs' claims arise out of their credit card agreement.

After review, the Court finds that OCSPA claims in Counts 5 and 6 as to Centurion Bank must be dismissed.  Although the heading to Count 5 refers to Centurion Bank, plaintiffs allege only that American Express violated OCSPA by falsely representing that it had performed a good faith investigation of plaintiffs' complaint against Travel Services. (Doc. 8 ¶ 56) ("Based on the foregoing, American Express acted deceptively by, among other things, representing that it had performed a good faith dispute and investigation of Plaintiffs' complaint against Travel Services when it did not.").  As such, plaintiffs do not state a claim against Centurion Bank for deceptive consumer sales practices, and this claim is dismissed.

In Count 6, plaintiffs allege that Centurion Bank engaged in unconscionable sales practices in violation of OCSPA by causing plaintiffs to enter into a consumer transaction that was substantially one-sided in favor of defendant and by including unconscionable and unfair arbitration provisions in the agreement. (Doc. 8 ¶ 61).  After review, the Court notes that plaintiffs' Amended Complaint alleges that Centurion Bank is in the business of providing credit to consumers. (Doc. 8 ¶ 9).  Consequently, the Court finds that Centurion Bank is a financial institution.  As the claims in Count 6 pertain only to the terms of the Cardholder Agreement and its formation, the Court finds that plaintiffs fail to state an OCSPA claim against Centurion Bank and this claim is dismissed.

**Count 7 - Civil Conspiracy**

Defendants move to dismiss plaintiffs' civil conspiracy claim on the sole ground that plaintiffs have set forth no valid claims under OCSPA and that their negligence, fraud, fraudulent inducement, and unjust enrichment claims fail.

"Under Ohio law, the elements of civil conspiracy are: (1) a malicious combination of two or more persons; (2) causing injury to person or property; (3) the existence of an unlawful act which is independent from the conspiracy itself; and (4) damages." *Ogle,* 924 F. Supp. 2d at 914 (citing *Gosden v. Louis,* 116 Ohio App.3d 195, 687 N.E.2d 481, 496 (Ohio Ct.App.1996)). An OSCPA violation is an unlawful act sufficient to support a claim for civil conspiracy. *Munger v. Deutsche Bank*, Case No. 1:11 CV 585, 2011 U.S. Dist. LEXIS 77790, 2011 WL 2930907, at *33 (N.D. Ohio July 18, 2011).

Defendants collectively argue that Count Seven fails to state a claim for relief because plaintiffs cannot point to a valid underlying unlawful act.  According to defendants, if the Court accepts the arguments raised in this motion, the only remaining "unlawful act" consists of breach of contract which cannot constitute an underlying wrongful act required for a civil conspiracy claim.  In response, plaintiffs argue that the complaint states claims for violations of OCSPA which are sufficient to support a civil conspiracy claim.  Upon review, the Court finds that the claim cannot be dismissed at this time.  Notably, defendants do not argue that an OCSPA claim cannot support a civil conspiracy claim.  Having concluded that an OCSPA claim remains pending in this case, defendants' sole argument that there is no valid underlying unlawful act is not well-taken.  Although Centurion Bank no longer has an OCSPA claim pending against it, absent any further argument, Count Seven will not be dismissed.

11

**Count 8 - Fraudulent Inducement**

Defendants Travel Services and Centurion Bank move to dismiss Count 8 for fraudulent inducement.

To establish a claim for fraudulent misrepresentation under Ohio law, the plaintiff must show: "1) a representation or, where there is a duty to disclose, concealment of a fact, 2) which is material to the transaction at hand, 3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, 4) with the intent of misleading another into relying upon it, 5) justifiable reliance upon the representation or concealment, and 6) a resulting injury proximately caused by the reliance." *Burr v. Stark Cty. Bd. of Comm'rs*, 23 Ohio St. 3d 69, 23 Ohio B. 200, 491 N.E.2d 1101 paragraph two of the syllabus (1986).

Federal Rule of Civil Procedure 9(b) specifies that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *See* Fed.R.Civ.P. 9(b).  In the Sixth Circuit, plaintiffs are required to "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.*, 2 F.3d 157, 161–62 (6th Cir. 1993)).

Plaintiffs assert that they plead their fraudulent inducement claims with particularity by setting forth the following representations made to plaintiffs by Travel Services: their trip or any element of it could not be canceled, Travel Services was authorized to make changes to its own booking mistakes, it would cover the costs and fees for its own negligence in planning the trip, and Travel Services had made airline reservations that met plaintiffs' specifications. (Doc 8 ¶

12

19).  The statements were both material and false, or there was an utter and reckless disregard for their truth or falsity. (Doc No. 8, ¶ 19, 71).  By making these statements, defendants intended to mislead plaintiffs into completing the transaction. (Doc. No. 8, ¶ 19, 72).  There was actual and justifiable reliance by plaintiffs and defendants acted with malice. (Doc. No. 8, ¶ 73,74).

Plaintiffs' Amended Complaint does not allege when the representations were made.  Their "deceptive representations" are vague and do not state what any members of Travel Services said with particularity.  And the Amended Complaint lacks any allegation of defendant's fraudulent scheme.  Because plaintiffs fail to plead their fraudulent inducement claim with the particularity required by Rule 9(b), the Court grants defendants' motion to dismiss this claim.

### Count 9 - Fraud

Defendants move to dismiss Count 9 because it is governed by the terms of the parties' express contract.  Count 9 also fails to meet the pleading requirements of Rule 9(b).  Plaintiffs fail to respond to defendants' arguments.  As such, this claim is dismissed.

### Count 10 - General Negligence

Defendants also move to dismiss Count 10 because it is governed by the terms of the parties' contract.  Plaintiffs fail to respond to defendants' arguments.  For the reasons stated by the defendants, the Court dismisses this claim.

### Count 11 - Unjust Enrichment

Defendants move to dismiss plaintiffs' claim of unjust enrichment.  Defendants point out that plaintiffs have alleged contract claims against each defendant.  Under Ohio law, a party cannot recover both for breach of contract and unjust enrichment.  Consequently, defendants

argue that plaintiffs' unjust enrichment claims must fail.  Plaintiffs maintain that an unjust enrichment claim can be plead in the alternative to a breach of contract claim with regard to Travel Services.

Having found that there is no contract between plaintiffs and Travel Services, the unjust enrichment claim is appropriate and may proceed as to Travel Services.  Plaintiffs fail to argue whether they can maintain an unjust enrichment claim against Centurion Bank.  Consequently, the motion to dismiss the unjust enrichment claim against Centurion Bank is granted.

### Conclusion

For the reasons set forth above, defendant American Express Company's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 15) is GRANTED.  American Express is dismissed from this case.  Defendants American Express Centurion Bank and American Express Travel Related Services Company, Inc.'s Motion to Dismiss Counts 1, 3, 4, 5, 6, 7, 8, 9, 10, and 11 of Plaintiffs' Amended Complaint is GRANTED IN PART and DENIED IN PART.  Count 1 for breach of contract against Travel Services is DISMISSED.  Counts 3 and 4 for OCSPA violations by Travel Services remain pending.  Counts 5 and 6 against Centurion Bank for OCSPA violations are DISMISSED.  Count 7 for civil conspiracy remains pending.  Counts 8, 9, and 10 for fraudulent inducement, fraud, and negligence are DISMISSED.  Count 11 for unjust enrichment is DISMISSED as to Centurion Bank but remains pending against Travel Services.  Defendants did not move on Count 2 for breach of contract against Centurion Bank and Count 12 for declaratory judgment.  Therefore, they remain pending.

IT IS SO ORDERED.

                                /s/ Patricia A. Gaughan
                                PATRICIA A. GAUGHAN
                                United States District Judge

Dated: 9/9/14